**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05 B 63126 |
| | ) | |
| **MITCHELL E. RUBIN**, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |
| | ) | Hearing Date: Wednesday, January 4, 2006 |
| | ) | Hearing Time:  10:00 a.m. |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on Wednesday, January 4, 2006, at 10:00 a.m., or as soon thereafter as we may be heard, I or my attorney shall appear before the Honorable Carol A. Doyle, in Courtroom No. 752, of the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, or in her absence, before any other Judge who may be sitting in her place or stead, and shall then and there present the *Trustee's Motion (1) To Extend The Time To Render A Final Decision, Under Section 362(e)(2) Of The Bankruptcy Code, (2) To Conclude A Final Hearing, Under 362(e)(1) Of The Bankruptcy Code, (3) To Modify The Scheduling Order Previously Entered By The Court, And (4) For Leave To File A Sur-Reply On Suzanne Rubin's Motion For Relief From The Automatic Stay To Permit Determination Of Marital Claims In Pending Divorce Proceedings*, at which time and place you may appear, if you see fit.  A copy of said Motion is attached hereto and is herewith served upon you.


DATED:  December 29, 2005

                                        **PHILIP V. MARTINO, Trustee**


                                        By:   /s/ Steven J. Christenholz
                                              One of his Attorneys

Philip V. Martino (ARDC #06183648)
Steven J. Christenholz (ARDC #06224666)
Deborah M. Gutfeld (ARDC #06272331)
**DLA PIPER RUDNICK GRAY CARY US LLP**
203 North LaSalle Street – Suite 1900
Chicago, Illinois   60601-1293
(312) 368-4000 (Phone)
(312) 236-7516 (Fax)

~CHGO1:30734863.v7

| | |
|---|---|
| **STATE OF ILLINOIS** | ) |
| | )SS. |
| **COUNTY OF COOK** | ) |

## CERTIFICATE OF SERVICE

Ann E. Pille, an attorney, certifies that on December 29, 2005, she caused the foregoing document to be filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the attached Service List. In addition, those parties listed on the attached Service List will be served by facsimile. Parties may access this filing through the Court's system.

                                                                     /s/ Ann E. Pille
                                                                     Ann E. Pille

I SWEAR UNDER PENALTY OF PERJURY
THAT THE FOREGOING IS TRUE AND CORRECT

~CHGO1:30734863.v7

## SERVICE LIST

Michael L. Gesas
Gesas, Pilati, Gesas, & Golin, Ltd.
53 W. Jackson Blvd., #528
Chicago, Illinois 60604
Fax: (312) 939-1742

David P. Leibowitz
Leibowitz Law Center
420 W. Clayton Street
Waukegan, Illinois 60085-4216
Fax: (847) 249-9180

United States Trustee's Office
227 W. Monroe Street, Suite 3380
Chicago, Illinois 60604
Fax: (312) 886-5785

Chad H. Gettleman
Adelman & Gettleman
53 West Jackson Boulevard, Suite 1050
Chicago, IL 60604
Fax : (312) 435-1059

Scott N. Schreiber
Much Shelist Freed Denenberg Ament & Rubenstein, P.C.
191 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606
Fax: (312) 521-2385

Scott H. Kenig
Randall & Kenig, LLP
NBC Tower, Suite 3160
455 North Cityfront Plaza Drive
Chicago, Illinois 60611
Fax: (312) 822-0215

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05 B 63126 |
| | ) | |
| **MITCHELL E. RUBIN**, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |
| | ) | Hearing Date: Tuesday, January 3, 2006 |
| | ) | Hearing Time:  10:00 a.m. |

**TRUSTEE'S MOTION (1) TO EXTEND THE TIME TO RENDER A FINAL DECISION, UNDER SECTION 362(E)(2) OF THE BANKRUPTCY CODE, (2) TO CONCLUDE A FINAL HEARING, UNDER 362(E)(1) OF THE BANKRUPTCY CODE, (3) TO MODIFY THE SCHEDULING ORDER PREVIOUSLY ENTERED BY THE COURT, AND (4) FOR LEAVE TO FILE A SUR-REPLY ON SUZANNE RUBIN'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT DETERMINATION OF MARITAL CLAIMS IN PENDING DIVORCE PROCEEDINGS**

Philip V. Martino (the "**Trustee**"), not individually, but solely in his capacity as Trustee of the Chapter 7 bankruptcy estate of Mitchell E. Rubin (the "**Debtor**"), by and through his undersigned counsel and pursuant to Sections 362(e)(1) and 362(e)(2) of the Bankruptcy Code, and Fed. R. Bankr. P. 4001, hereby moves this Court: (1) to extend the time period for it to make a final decision as to whether it will grant the Motion for Relief From Automatic Stay To Permit Determination Of Marital Claims In Pending Divorce Proceedings In State Court (the "**SR Lift Stay Motion**"), filed by Suzanne Rubin, on November 23, 2005, (2) to extend the time period to conclude a final hearing on the SR Lift Stay Motion, (3) to modify the Scheduling Order previously entered by this Court on the SR Lift Stay Motion, and (4) for leave to file a sur-reply to the SR Lift Stay Motion.  In support hereof, the Trustee states as follows:

~CHGO1:30729187.v2

## Factual Background

1.      On October 17, 2005, an involuntary bankruptcy petition was filed against the Debtor in this bankruptcy proceeding (the "**Bankruptcy Case**").  On November 15, 2005, an order for relief (the "**Order for Relief**") under Chapter 7 of the Bankruptcy Code was entered in the Bankruptcy Case by this Court.

2.      On November 23, 2005, Suzanne Rubin ("Suzanne"), the Debtor's wife, filed the SR Lift Stay Motion, requesting, *inter alia*, relief from the automatic stay to allow the Circuit Court for the Nineteenth Judicial Circuit, in Lake County, Illinois (the "**State Court**") to determine the ownership rights and interests in real property located at 5814 Pintail Lane in Long Grove, Illinois (the "**Long Grove Residence**") as part of the divorce proceedings between Suzanne and the Debtor.

3.      On November 30, 2005, a hearing was held regarding the SR Lift Stay Motion (the "**Preliminary Hearing**").  At the Preliminary Hearing, this Court made an express finding that the automatic stay, as it pertains to the property included in the SR Lift Stay Motion, would remain in effect until the status hearing scheduled for January 18, 2006.

4.      At the Preliminary Hearing, a scheduling order (the "**Scheduling Order**") was entered by this Court continuing the Preliminary Hearing until January 18, 2006.  Additionally, the terms of the Scheduling Order require that any responses to the SR Lift Stay Motion must be filed by January 6, 2006 and any replies must be filed by January 13, 2006.

5.      On December 20, 2005, the Trustee filed its Motion For Relief From Automatic Stay To Pursue Fraudulent Transfer Litigation (the "**Trustee's Lift Stay Motion**").  In the Trustee's Lift Stay Motion, the Trustee seeks, *inter alia,* the entry of an order allowing the Trustee to substitute himself as plaintiff into a case also currently pending in the State Court, as

Case No. 05 CH 1153 (the "**Fraudulent Conveyance Case**"). The Fraudulent Conveyance Case, brought by creditors of the Debtor, arises, *inter alia*, from allegations that the Debtor fraudulently transferred $2,178,646.00 (the "**Funds**") to Suzanne, and that the Funds were used to purchase the Long Grove Residence.

6. On December 21, 2005, the Debtor filed his Summary of Schedules, his Schedules A – J (the "**Debtor's Schedules**"), and his Statement of Financial Affairs. On Schedule B the Debtor has listed a marital interest in the Long Grove Residence in an unknown dollar amount.[1] The Fraudulent Conveyance Case is not listed in the Debtor's Schedules or the Debtor's Statement of Financial Affairs.

7. As noted above, the Trustee's Lift Stay Motion and the SR Lift Stay Motion both arise, at least in part, from disputes regarding ownership interests in the Long Grove Residence. The Long Grove Residence is an important asset, and likely one of the largest assets of the Bankruptcy Case. The ultimate determination as to the valid ownership interests of the Long Grove Residence will likely involve complicated legal and factual issues that implicate Illinois divorce law, Illinois fraudulent transfer law, and the Bankruptcy Code.

8. Given the brief time period that has passed since the Debtor's Schedules were filed, the Trustee has not yet had an opportunity to fully examine the Debtor's Schedules, including the Debtor's reported assets and liabilities, or the factual circumstances and legal arguments related to the ownership of the Long Grove Residence.

---

[1] Notably, the basis for the SR Lift Stay Motion is that the Long Grove Residence is *not* marital property.

9. Regardless, the Trustee already has been diligently investigating the factual circumstances surrounding the purchase of the Long Grove Residence.[2] Nevertheless, a great deal of factual information still needs to be gathered, and legal research conducted, regarding Debtor's interest in the Long Grove Property, before the Trustee will be able to respond to the SR Lift Stay Motion.

## ARGUMENT

**A. Good Cause Exists For The Bankruptcy Court To Extend The Time To Render A Final Decision On The SR Lift Stay Motion Under Section 362(e)(2).**

10. On April 20, 2005, the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") was enacted. With limited exceptions, its provisions apply to all cases filed after October 17, 2005 (the "BAPCPA Effective Date"). Given that the Bankruptcy Case was filed after the BAPCPA Effective Date, the new provisions of the BAPCPA apply.

11. When the BAPCPA was enacted, a new subsection, applicable strictly to Chapter 7, 11, or 13 cases filed by individual debtors, was added to Section 362(e) of the Bankruptcy Code. This subsection, codified as Section 362(e)(2), provides, in pertinent part, that:

> the stay under [362(a)] shall terminate on the date that is 60 days after a request is made by a party in interest under [362(d)], unless…
>
> (A) a final decision is rendered by the court during the 60-day period beginning on the date of the request, or
>
> (B) such 60-day period is extended
>
>     (i) by agreement of all parties in interest; or

---

[2] The Trustee has made a concerted effort to gather relevant factual information regarding the Debtor's estate and the Long Grove Residence. He has already served subpoenas on, among others, National City Bank, First Bank of Highland Park, 1st Alliance Banc Corporation, and Mortgage Electronic Registration Systems, Inc., 305 Macalpin, LLC.

    (ii) by the court for such specific period of time as the court finds is required for good cause, as described in findings made by the court.

*11 U.S.C. § 362(e)(2).*

12. Under Local Rule of Bankruptcy Procedure 4001-1, the "date of the 'request' for relief from the automatic stay is deemed to be the date of presentment of the motion." As such, under the language of Section 362(e)(2), the automatic stay, as it relates to the property affected by the SR Lift Stay Motion, would terminate on or about January 28, 2006.

13. The Trustee contends that good cause exists, pursuant to Section 362(e)(2)(B)(ii), to extend the time in which the Bankruptcy Court must enter a final decision on the SR Lift Stay Motion for the following reasons:

  a. The Debtor's Schedules were not filed until December 21, 2005, and the Trustee has not yet had an adequate opportunity to examine the Debtor's potential ownership interest in the Long Grove Residence;

  b. From the face of the Debtor's Schedules, the Long Grove Residence, appears to be one of the largest assets of the estate;

  c. The Trustee has not had an adequate opportunity to investigate the factual and legal disputes related to the Long Grove Residence, including, but not limited to, the divorce proceeding between the Debtor and Suzanne, the Fraudulent Conveyance Case, and the Debtor's Schedules;

  d. The Trustee will not have an opportunity before the expiration of the 60-day period imposed by 362(e)(2) to adequately investigate these factual and legal disputes;

  e. No party will be prejudiced if the Bankruptcy Court extends the time in which it must enter a final decision on the SR Lift Stay Motion; and,

  f. The creditors of the Debtor's bankruptcy estate could be prejudiced if the Trustee is forced to respond to the SR Lift Stay Motion without an adequate opportunity to investigate the facts and circumstances surrounding the purchase of the Long Grove Residence.

14. As such, the Trustee requests that the Bankruptcy Court make a finding that "good cause" - as that term is used in Section 362(e)(2) - exists to extend the time for a final decision to be rendered on the SR Lift Stay Motion for an additional sixty days - until Wednesday, March 29, 2006.

### B. Compelling Circumstances Exist For The Bankruptcy Court To Extend The Time To Conclude A Final Hearing On The SR Lift Stay Motion Under Section 362(e)(1).

15. Pursuant to the express terms of Section 362(e)(1):

> Thirty days after a request under [Section 362(d)] for relief from the stay of any act against property of the estate under [Section 362(a)] such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under [Section 362(d)]… The court shall order such stay continued in effect pending the conclusion of the final hearing under [Section 362(d)] if there is reasonable likelihood that the party opposing relief from such stay will prevail at the conclusion of such final hearing. *11 U.S.C. § 362(e)(1).*

16. In the current case, the Preliminary Hearing was held on November 30, 2005, and has been continued to January 18, 2006. At the Preliminary Hearing, the Bankruptcy Court made a finding that the automatic stay would remain in effect with respect to the property that is the subject of the SR Lift Stay Motion at least until January 18, 2006.

17. A finding that the automatic stay should be extended was, and still is, appropriate given the interest the Debtor has asserted in the Long Grove Residence. Although the statutory basis for this interest has not been asserted in the Debtor's Schedules, this interest presumably arises from the Illinois Marriage and Dissolution of Marriage Act ("IMDMA"), which defines "marital property" as "all property acquired by either spouse subsequent to the marriage." *740 ILCS § 5/503(a).* Thus, presumptively, the Debtor has an interest in the Long Grove Property.

*See, e.g., In re the Marriage of Schriner*, 88 Ill.App.3d 380, 410 N.E.2d 572 (2nd Dist. 1980). Furthermore, in addition to the IMDMA, the Debtor's estate may have an interest in the Long Grove Property pursuant to Illinois fraudulent transfer law.

18. The Bankruptcy Court is the proper venue to determine the ownership interests of the Long Grove Residence. Pursuant to Section 541 of the Bankruptcy Code, the Debtor's estate is comprised of all interests of the Debtor in property, wherever located and by whomever held. Given that the Long Grove Residence appears to be one of the largest assets available for the benefit of the unsecured creditors of the Debtor, the interests of the Debtor's creditors will be best served if the Bankruptcy Court determines the ownership interests therein.

19. The express provisions of Section 362(e)(1) also provide that "if a hearing under this subsection is a preliminary hearing, then such final hearing shall be concluded not later than thirty days after the conclusion of such preliminary hearing, unless the 30-day period is extended… for a specific time which the court finds is required by compelling circumstances." *11 U.S.C. § 362(e)(1).*

20. The Trustee contends that compelling circumstances exist, pursuant to Section 362(e)(1), to extend the time in which the Bankruptcy Court must hold a final hearing on the SR Lift Stay Motion for the following reasons:

    a. The Debtor's Schedules were not filed until December 21, 2005, and the Trustee has not yet had an adequate opportunity to examine the Debtor's potential ownership interest in the Long Grove Residence;

    b. From the face of the Debtor's Schedules, the Long Grove Residence, appears to be one of the largest assets of the estate;

    c. The Trustee has not had an adequate opportunity to investigate the factual and legal disputes related to the Long Grove Residence, including, but not limited to, the divorce proceeding between the Debtor and Suzanne, the Fraudulent Conveyance Case, and the Debtor's Schedules;

    d. The Trustee will not have an opportunity before the expiration of the period imposed by 362(e)(1) to adequately investigate these factual and legal disputes;

    e. No party will be prejudiced if the Bankruptcy Court extends the time in which it must conclude a final hearing on the SR Lift Stay Motion; and,

    f. The creditors of the Debtor's bankruptcy estate could be prejudiced if the Trustee is forced to respond to the SR Lift Stay Motion without an adequate opportunity to investigate the facts and circumstances surrounding the purchase of the Long Grove Residence.

21. Allowing a Chapter 7 Trustee an opportunity to evaluate the assets and liabilities of an estate has previously been found to constitute compelling circumstances under Section 362(e). *In re AdBrite Corp.*, 290 B.R. 209, 222 (Bankr. S.D.N.Y. 2003). Likewise, burdensome procedural difficulties have been shown to constitute compelling circumstances justifying the extension of the time limits imposed by Section 362(e). *In re The Bennett Funding Group, Inc.*, 255 B.R. 616, 641 (Bankr. N.D.N.Y. 2000).

22. As the Trustee (a) has only recently received the Debtor's schedules and Statement of Financial Affairs, (b) has not yet had an opportunity to investigate the facts surrounding the purchase of the Long Grove Residence, and (c) is attempting to substitute as a party plaintiff into the Fraudulent Conveyance Case, the Trustee requests that the Bankruptcy Court make a finding that "compelling circumstances" - as that term is used in Section 362(e)(1) - exist to extend the time for a final hearing to be held on the SR Lift Stay Motion for an additional sixty-nine days past the January 18, 2006, hearing – until Wednesday, March 29, 2006.

    **C.    Additional Relief Requested**

23. At this time, the Trustee has still not had an adequate opportunity to evaluate the factual circumstances surrounding the purchase of the Long Grove Residence, the divorce

proceeding between Suzanne and the Debtor, the Fraudulent Conveyance Case, or the Debtor's Schedules and Statement of Financial Affairs. As such, it will be extremely difficult to adequately respond to the SR Lift Stay Motion by January 6, 2006, the current deadline imposed by the Scheduling Order. Accordingly, the Trustee requests that the Bankruptcy Court extend the time for the parties to respond to the SR Lift Stay Motion until February 10, 2006, and extend the time for replies to be filed until February 24, 2006.

24. Furthermore, given that limited facts and law were included in the SR Lift Stay Motion and that new information will become available as the Trustee investigates the facts and circumstances surrounding the SR Lift Stay Motion and the Long Grove Residence, the Trustee requests leave to file a sur-reply to the reply, if any, filed by Suzanne, on or before March 10, 2006.

WHEREFORE, the Trustee respectfully requests that this Court enter: (1) finding that good cause exists to extend, until March 29, 2006, the time for a final decision to be rendered by the Bankruptcy Court on the SR Lift Stay Motion, (2) finding that compelling circumstances exist to extend, until March 29, 2006, the time to conclude a final hearing on the SR Lift Stay Motion, (3) maintaining the automatic stay in effect until the later of March 29, 2006 or until such time as a final decision is rendered by the Bankruptcy Court as to the SR Stay Relief Motion, (4) modifying the Scheduling Order to reflect that responses to the SR Lift Stay Motion must be filed by February 10, 2006, and replies must be filed until February 24, 2006, (5) granting the Trustee leave to file a sur-reply to the SR Lift Stay Motion on or before March 10, 2006, and (6) granting such other relief as the Bankruptcy Court deems just and proper.

**PHILIP V. MARTINO, Trustee**

By:   /s/ Steven J. Christenholz
   One of his attorneys

Philip V. Martino (ARDC #06183648)
Steven J. Christenholz (ARDC #06224666)
Deborah M. Gutfeld (ARDC #06272331)
**DLA PIPER RUDNICK GRAY CARY US LLP**
203 North LaSalle Street – Suite 1900
Chicago, Illinois   60601-1293
(312) 368-4000 (Phone)
(312) 236-7516 (Fax)