UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 Case |
| | ) | |
| MITCHELL E. RUBIN, | ) | Case No. 05-63126 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | |

## DLA PIPER'S THIRD AND FINAL FEE APPLICATION

DLA Piper LLP (US) ("**DLA Piper**"), submits this Third and Final Application for allowance of interim fees and expenses for services to Trustee, Philip V. Martino. In this Third Application, DLA Piper requests $4,694.00 in additional compensation for 8.3 hours of service and $43.60 for costs since November 1, 2007. DLA Piper also requests that the two interim fee and expense orders be deemed final orders, that the $43,819.00 holdback in the order granting the First Application be paid, and that $50,000.00 of the $172,500.00 that DLA Piper did not request be paid in the Second Application be awarded. In the First Application, DLA Piper requested $227,595.50 for 546.9 hours of legal services plus $17,603.80 for costs. This Court allowed DLA Piper payment of interim fees of $219,095.50 and costs of $11,650.44. Per the Court's order, 80% of the interim fees and 100% of the costs have been paid. In the Second Application, DLA Piper requested and received $225,000.00 in fees (without prejudice to requesting an additional $172,500.00 at the hearing on the final fee application) and received an allowance of $6,100.00 in costs.

CHGO1\31255567.1

## I. <u>BACKGROUND FACTS</u>

1. On October 17, 2005, three creditors filed an involuntary petition against Debtor. On November 15, 2005, this Court entered an order for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code (the "**Code**"). Trustee was appointed shortly thereafter.

2. On November 29, 2005, this Court entered an order allowing Trustee to retain DLA Piper as his counsel retroactive to November 15, 2005.

3. Trustee separately accounts for his services as trustee herein. Currently, he has tracked almost 50 hours as trustee. Because disbursements have been so modest, he did not submit an interim fee request for those services.

4. The estate consists of approximately $124,000.00 in cash on hand, and all assets have been liquidated. **Thus, other than the $750,000.00 distributed on the priority DSO claim, this is an administratively insolvent case.**

5. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

6. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief request herein are Code Sections 326(a), 327(a) and 330 and Federal Rules of Bankruptcy Procedure 2002(a)(6), 2002(c)(2) and 2016(a).

1. **PROFESSIONAL RETENTION**

In the period covered by the Third Application, DLA Piper prepared and presented its second fee application, as well as Trustee's special divorce counsel's final application. In addition it prepared the instant fee application. In connection therewith, DLA Piper expended

2

CHGO1\31255567.1

3.0 hours for which it requests interim compensation of $1,890.00. A detailed breakdown of services rendered is attached as **Exhibit A(1)**; a summary is as follows:

| Professional | Hours |
|---|---|
| Philip V. Martino | 3.0 |

2. **DIVORCE**

When this case was filed, Debtor was embroiled in a divorce from his wife, Suzanne. The divorce was complicated by Debtor's lack of record keeping; two children; an extravagant lifestyle; the myriad assets he owned or controlled; the various entities in which he held those assets; pending litigation with the Illinois Attorney General and other creditors; and the various ways in which he and his estranged wife supported themselves during the marriage and while the divorce was pending. Most of DLA Piper's efforts in connection with the divorce were outlined in the First Application. Those efforts continued in the subsequent period, and became increasingly tied to the fraudulent conveyance action (settlement issues) and to the 2004 exams (asset tracing), both of which are discussed below.

3. **2004 EXAMS**

Upon Trustee's appointment, he was inundated with documents and arguments from numerous interested parties covering millions of dollars of undisclosed assets. Due to Debtor's horrific recordkeeping, Trustee instructed DLA Piper to issue 2004 subpoenas to approximately 20 parties, plus take informal discovery of numerous other parties. **Through that process, Trustee confirmed that Debtor and his spouse had issued annual financial statements showing a net worth ranging from $10.0 million (in December 2000) to $35.3 million (December 31, 2003) and ended with just over $30.0 million in December 2004 (this case was filed in October 2005); that much of those assets were sold by Debtor or his spouse**

3

CHGO1\31255567.1

before the bankruptcy was filed; that neither Debtor nor his spouse had maintained records adequate to satisfactorily explain the disposition of the sales proceeds; and that several hundred thousand dollars in assets remain unaccounted for (primarily jewelry and art work).

4.     **FRAUDULENT CONVEYANCE AND SETTLEMENT OF $2.0 MILLION DSO CLAIM**

When Trustee was appointed, a creditor had filed a state court fraudulent conveyance action against, *inter alia,* Debtor involving the ownership structure of the home in which Debtor resided prior to his estrangement with Suzanne. On Trustee's behalf, DLA Piper intervened as plaintiff, removed the case to federal court and had it transferred to this Court. Trustee instructed DLA Pier to minimize efforts in that lawsuit, to allow the estate to piggyback from the discovery efforts (and expected decisions) in other lawsuits pending against Debtor and his entities. That strategy work for several months, until Debtor's spouse moved for summary judgment--before any discovery was taken. While this Court denied that motion, it set a prompt discovery cutoff and rejected Trustee's request to set a long date to take full advantage of all discovery and the anticipated judgments in the other pending lawsuits against Debtor. Trustee directed DLA Piper to prosecute the foreclosure action, as it involved Debtor's former homestead (the "**Property**") that Debtor and Debtor's spouse valued at $5.0 million in their December 2004 financial statement, and which was unencumbered (at least at the beginning of the divorce case).

Ultimately, the parties were able to mediate to a settlement, which this Court approved on October 18, 2007. Per the terms of that settlement, the estate received the Property (which has been on the market for well over a year and, in today's market, probably has a value of somewhat more than $2.0 million and is now subject to liens of about $1.25 million), and deeded

it to Debtor's spouse in return for $250,000.00 plus one half of gross sales proceeds of over $2.5 million if the Property were under contract for sale before September 1, 2008 (it was not). **Debtor's spouse accepted the Property in satisfaction of an allowed DSO claim of $750,000.00, with the balance of her DSO claim ($1.25 million) subordinated to the payment of all other administrative, priority and unsecured claims.**

During the period covered by this Third Application, in connection with the consummation of the settlement agreement, DLA Piper expended 5.3 hours for which it seeks interim compensation of $2,804.00. An itemized list of services rendered is attached as **Exhibit A(2)**; a summary is as follows:

| Professional | Hours |
|---|---|
| Mark A. Berkoff | 1.5 |
| Deborah Gutfeld | 3.2 |

## II. COSTS

7. During the period covered by the Second Application, in connection with the foregoing professional services, Trustee and DLA Piper incurred costs of $43.60 costs for photocopies. An itemized breakdown is attached as **Exhibit B**.

## III. BIOGRAPHY

8. Attached as **Exhibit C** are brief biographies of the attorneys and paralegals who performed legal services to Trustee. All rates are the standard hourly rates that DLA Piper charges for professional services. A summary is as follows:

| Professional/Position | Rate (2005/06/07/08) | Current Quarter Hours | Current Quarter Fees | Cumulative Hours | Cumulative Fees |
|---|---|---|---|---|---|
| Mark A. Berkoff (Partner) | $ - / - /640/ - | 1.5 | $960.00 | 94.90 | $60,736.00 |
| Philip V. Martino* (Partner) | $510/550/590/665 | 3.0 | 1,890.00 | 51.10 | $28,573.00 |
| Donald A. Shindler (Partner) | $500/ - /590/ - | - | - | .8 | $445.00 |
| Alison Zirn (Partner) | $490/ - / - / - | - | - | .7 | $343.00 |

5

CHGO1\31255567.1

| Professional/Position | Rate (2005/06/07/08) | Current Quarter Hours | Fees | Cumulative Hours | Fees |
|---|---|---|---|---|---|
| Steven Christenholz (Partner) | $425/495/570/ - | - | - | 244.10 | $116,653.00 |
| Marc I. Fenton (Of Counsel) | $440/490/550/ - | - | - | 111.00 | $53,857.00 |
| Colleen E. McManus (Associate) | $410/465/515/ - | - | - | 198.00 | $90,876.50 |
| Deborah M. Gutfeld (Associate) | $360/400/475/ - | 2.8 | 1,844.00 | 520.30 | $235,334.50 |
| Brian Audette (Associate) | $320/ - / -/ - | - | - | 2.3 | $736.00 |
| Ann Pille (Associate) | $235/300/375/ - | - | - | 100.20 | $28,174.50 |
| Eric Walker (Associate) | $ - / - /300/ - | - | - | 16.9 | $5,070.00 |
| Regina A. Yuill (Paralegal) | $205/ - / -/ - | - | - | 1.1 | $225.50 |
| Nina H. Taylor (Paralegal) | $195/210/230/ - | - | - | 23.5 | $4,954.50 |
| Rita Marie Slager (Paralegal) | $175/ - / -/ - | - | - | 10.7 | $1,872.50 |
| Jordan Galassie (Paralegal) | $125/140/ -/ - | - | - | 13.8 | $1,920.00 |
| Sally Baker (Research Librarian) | $ - / - /245/ - | - | - | .4 | $98.00 |

\* Excludes Mr. Martino's hours of work as Trustee.

Attached as **Exhibit D** is an affidavit for Mr. Martino attesting to the accuracy of the information contained in Exhibits A, B and C.

**WHEREFORE**, Philip V. Martino, as Trustee and DLA Piper LLP (US), as attorneys for Trustee, respectfully request that this Court enter an order:

A.  awarding $4,694.00 to DLA Piper as additional compensation for 8.3 hours of reasonable, actual and necessary professional services;

B.  awarding $43.60 to DLA Piper as reimbursement for reasonable, actual and necessary expenses;

C.  making the two interim awards final awards;

D.  allowing DLA Piper to be paid the $43,819.00 awarded by not paid in the order granting the First Application;

E.  awarding DLA Piper $50,000.00 of the $172,500.00 that it did not request in connection with the Second Application; and

6

F.  for such further relief as is reasonable and just.

Dated: September 9, 2008                                    Respectfully submitted,

Philip V. Martino (ARDC #06183648)                          **PHILIP V. MARTINO, TRUSTEE**
Deborah M. Gutfeld (ARDC # 6272331)
**DLA PIPER LLP (US)**
203 North LaSalle Street, Suite 1900                        By:___/s/ Philip V. Martino_____
Chicago, IL 60601                                                    One of his attorneys
Phone: (312) 368-4000

CHGO1\31255567.1



Matter # 359859-000002  
Invoice # 2195889

P. Martino  
Page: 2  
August 14, 2008

**Fees:**

| Date | Description | Timekeeper | Hours |
|---|---|---|---|
| 11/05/07 | Continue work on 2nd DLA Piper fee application. | Martino, Philip V. | 0.70 |
| 11/14/07 | Final review and revisions to narrative and exhibits for DLA Piper and special counsel's fee applications. | Martino, Philip V. | 0.70 |
| 08/06/08 | Start work on final fee application. | Martino, Philip V. | 0.80 |
| 08/07/08 | Finalize final fee application. | Martino, Philip V. | 0.80 |
| | **Total Hours** | | **3.00** |
| | **Total Fees** | | **$1,890.00** |

**Timekeeper Summary**

| Timekeeper | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Martino, Philip V. | Partner | 1.60 | 665.00 | 1,064.00 |
| Martino, Philip V. | Partner | 1.40 | 590.00 | 826.00 |
| **Totals** | | **3.00** | | **1,890.00** |

**Total Current Charges**     $     1,890.00

**EXHIBIT A(1)**



Matter # 359859-000009  
Invoice # 2195890

P. Martino  
Page: 2  
August 14, 2008

**Fees:**

| Date | Description | Timekeeper | Hours |
|---|---|---|---|
| 11/19/07 | Review emails regarding status, settlement documentation and DLA Piper's fee application. | Berkoff, Mark A. | 0.30 |
| 11/26/07 | Review fee application set for presentation on December 6 and consideration of approach and towards settlement (.3); prepare for call with P. Martino (.1). | Berkoff, Mark A. | 0.40 |
| 11/27/07 | Review emails and discuss strategy with P. Martino. | Berkoff, Mark A. | 0.20 |
| 12/03/07 | Draft/revise two (2) quitclaim deeds and Judgment Order (.9); various t/c and corr. with D. Stefani re: same (.2). | Gutfeld, Deborah M. | 1.10 |
| 12/04/07 | Telephone conference with D. Gutfeld regarding matters up in court on December 6 and status of consummation of settlement (.10); review, organize and close files (.30). | Berkoff, Mark A. | 0.40 |
| 12/05/07 | Corr. with P. Martino re: Judgment Order (.2); corr. with D. Stefani re: same (.2). | Gutfeld, Deborah M. | 0.40 |
| 12/06/07 | Telephone conference with P. Martino regarding outcome of today's hearing (.10); review orders (.10). | Berkoff, Mark A. | 0.20 |
| 12/06/07 | Attend court hearing re: fee applications and adversary (entry of Judgment Order) (1.1); various corr. with M. Berkoff, P. Martino and D. Stefani re: entry of Judgment Order and status of review of quitclaim deeds (.3); corr. with H. London re: fee application order (.2); corr. with C. Greer re: DLA Piper fee application order and request for payment (.1). | Gutfeld, Deborah M. | 1.70 |
| 08/07/08 | Teleconference with J. Krol regarding request for financial information and review correspondence regarding same. Correspondence with M. Berkoff and P. Martino regarding same. | Gutfeld, Deborah M. | 0.60 |
| | **Total Hours** | | **5.30** |
| | **Total Fees** | | **$2,804.00** |

EXHIBIT A(2)



Matter # 359859-000009  
Invoice # 2195890

P. Martino  
Page: 3  
August 14, 2008

### Timekeeper Summary

| Timekeeper | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Berkoff, Mark A. | Partner | 1.50 | 640.00 | 960.00 |
| Gutfeld, Deborah M. | Associate | 0.60 | 540.00 | 324.00 |
| Gutfeld, Deborah M. | Associate | 3.20 | 475.00 | 1,520.00 |
| **Totals** | | **5.30** | | **2,804.00** |

**Total Current Charges**       $  **2,804.00**


**DLA PIPER**

Matter # 359859-000020  
Invoice # 2195891

P. Martino  
Page: 2  
August 14, 2008

**Disbursements:**

| Date | Description | Amount |
|------|-------------|-------:|
|      | Duplicating | 43.60  |
|      | **Total Disbursements** | **$43.60** |
|      |             |        |
|      | **Total Current Charges** | $ <u>43.60</u> |

EXHIBIT B

## EXHIBIT C

## BIOGRAPHICAL INFORMATION

1.  **Mark A. Berkoff** (MAB) is a partner with DLA Piper LLP (US) and concentrates his practice in commercial bankruptcy litigation. Mr. Berkoff received his BA from University of Wisconsin in 1983 and his JD from University of Chicago in 1986. He is a member of the American Bar Association, Chicago Bar Association, Trial Bar of the United States District Court for the Northern District of Illinois and the American Bankruptcy Institute. Mr. Berkoff's 2007 hourly billing rate was $640.00.

2.  **Philip V. Martino** (PVM) is a partner with DLA Piper LLP (US) and is admitted in both Illinois and Florida, concentrating his practice in commercial bankruptcy litigation. He received his BSBA from American University in Washington, D.C. in 1979, and his JD degree in 1982 from Syracuse University College of Law, graduating magna cum laude. He was elected to Order of the Coif and was Executive Editor of the Syracuse Law Review. Since January, 1990, Mr. Martino has been a member of the panel of bankruptcy trustees for the Northern District of Illinois. Mr. Martino's 2005 hourly billing rate was $510.00; his 2006 hourly rate was $550.00; his 2007 hourly rate was $590.00; his 2008 hourly rate is $665.00.

3.  **Deborah M. Gutfeld** (DMG) is an associate with DLA Piper LLP (US). Ms. Gutfeld concentrates her practice in bankruptcy and creditors' rights. She received her JD from Northwestern University in 2000 and her BS in marketing from Indiana University in 1997. Ms. Gutfeld's 2005 hourly billing rate was $360.00; her 2006 hourly billing rate was $400.00; her 2007 hourly rate was $475.00.

## EXHIBIT D

| | |
|---|---|
| **STATE OF FLORIDA** | ) |
| | )SS |
| **COUNTY OF HILLSBOROUGH** | ) |

I, Philip V. Martino, on oath, state as follows:

1. I am a partner in the law firm of DLA Piper LLP (US) ("**DLA Piper**") and am authorized to make this affidavit on behalf of DLA Piper.

2. This affidavit is submitted in support of DLA Piper's Third and Final Fee Application (the "**Application**").

3. In the ordinary course of DLA Piper's business, the attorneys and paralegals rendering services for a client prepare timesheets at or about the time the services are rendered, which timesheets list the client, matter number, a description of the services rendered and the time spent on such services.

4. In the ordinary course of DLA Piper's business, the information on the timesheets entered onto the firm's computer system.

5. In the ordinary course of DLA Piper's business, a pro forma is generated at the end of each month for each client, which is forwarded to the billing partner for his or her review.

6. In the ordinary course of DLA Piper's business, the billing partner reviews the pro forma.

7. In the ordinary course of DLA Piper's business, a bill is prepared by computer and sent to the client.

CHGO1\31255567.1

8.  I have segregated the amount of time that I have expended as Trustee from the amount of time I (and others) have expended acting as an attorney in this case.

9.  I personally reviewed the pro formas for the Rubin case each month and am familiar with DLA Piper's efforts in connection with the instant bankruptcy proceeding.

10. I have reviewed Exhibits A, B and C to the Application, and they are based upon documents aforesaid, which are made in the ordinary course of DLA Piper's business and it is part of the ordinary course of DLA Piper's business to prepare such documents.

11. To the best of my knowledge, the information set forth on Exhibits A, B and C and their subparts is true and correct.

/s/ Philip V. Martino
Philip V. Martino

I DECLARE UNDER PENALTY
OF PERJURY, THAT THE
FOREGOING IS TRUE AND CORRECT

CHGO1\31255567.1